BRODIE v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1904.)

No. 3,726.

CUSTOMS DUTIES—CLASSIFICATION—ORNAMENTAL FEATHERS.

Crude ostrich feathers, which in that condition are never used for ornamental purposes, but need to be dressed and otherwise manufactured before becoming suitable for such use, are dutiable as "feathers * * * crude," and not as "ornamental feathers," under paragraph 425, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by H.

W. Brodie. Note Silva v. United States (C. C.) 127 Fed. 781, and Spero v. United States (C. C.) infra.

William B. Coughtry, for importer.

Charles Duane Baker, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of crude ostrich feathers, which were assessed as "ornamental feathers," at 50 per cent. ad valorem, under paragraph 425 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], and are claimed by the importers to be dutiable only at the rate of 15 per cent. ad valorem, under the first provision of said paragraph, for "feathers of all kinds * * * crude or not dressed, colored, or otherwise advanced or manufactured in any manner." The undisputed evidence is that ostrich feathers in their crude condition are never used for ornamental purposes. They have to be dressed and otherwise manufactured before they are suitable for such use, or become in any sense ornamental feathers. I am clearly of opinion that the condition, and not the use of the feather, governs its classification under said paragraph 425, and that the inclusion of "ornamental feathers" at the rate of 50 per cent. in the latter part of said paragraph, as well as its association therein with other enumerated articles, all of which are self-evidently wholly or partly manufactured, indicates that only such "ornamental feathers" as have been "dressed, colored, or otherwise advanced or manufactured in any manner" are properly dutiable at said rate of 50 per cent. ad valorem. Crude feathers of all kinds are dutiable at 15 per cent. ad valorem. The word "ornamental," as it appears in said paragraph, applies not only to feathers, but to fruits, grains, leaves, flowers, and stems as well. It is difficult to perceive why that word should be given a different significance when applied to a natural feather, just as it is plucked or clipped from the bird (elsewhere provided for in paragraph 425 among "feathers of all kinds, crude"), than when applied to a natural flower, just as plucked or clipped from the bush (elsewhere provided for in paragraph 251, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650] among "natural flowers of all kinds, fresh") yet no one would be likely to seriously contend that paragraph 425 is intended to cover natural flowers, although they are generally used for ornamental purposes.

The decision of the Board of General Appraisers is reversed.